JUSTICE RICE,
concurring.
¶33 I concur in the decision of the Court. With regard to the proper construction of § 87-1-216, MCA, any ambiguity in the statutory language was resolved during floor debate, wherein the House sponsor of SB 212 explained in response to a question that he had conferred with the Senate sponsor concerning the measure’s potential impact upon transfers of bison by the Department of Fish, Wildlife and Parks to the tribes, and indicated unequivocally that the measure “would have no effect on the tribe’s ability to receive buffalo from the department.” See Montanans for Justice v. State, 2006 MT 277, ¶ 60, 334 Mont. 237, 146 P.3d 759 (‘When the legislative intent cannot be readily derived from the plain language, we review the legislative history....”).
¶34 The Appellants’ briefing and their comments during oral argument display a remarkable befuddlement regarding the issue of *421 jurisdiction over the MOU. As the District Court noted, “FWP is uncertain which forum it can use to enforce the MOU.” For a department of state government to deploy state resources pursuant to a contract it has entered, while having no idea to what judicial forum it can turn to ensure that the contractual obligations made to the state will be enforced, and the state’s interest protected, is no less than maladministration. The obligations to the state under the MOU are substantial. As the Court notes, the Department is now working on a second MOU to be entered with the Fort Belknap Tribes. Opinion, ¶ 25. This time, perhaps some thought can be given to where the state is entitled to seek judicial enforcement of the MOU in order to protect its investment of state resources in this project.